IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

THOMAS D. RUDDER                                                                    PLAINTIFF

v.                                      CIVIL NO. 17-3065

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Thomas D. Rudder, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on July 28, 2015, alleging an inability to work since July 28, 2015, due to a heart condition, a right knee problem and high and low blood pressure. (Tr. 59, 178, 185). An administrative hearing was held on August 5, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 27-58).

By written decision dated September 8, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments:

1

coronary artery disease, hypertension, bilateral knee degenerative joint disease, history of carpal tunnel syndrome, obesity, major depressive disorder and generalized anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally bend, stoop, kneel, and crouch; never crawl; can perform no climbing of ladders, ropes, or scaffolds; can perform occasional overhead reaching bilaterally; no extremes of heat or cold; can do frequent handling and fingering bilaterally; can understand, remember, and carry out more than simple instructions and tasks, but no complex instructions or tasks; and should have no fast-paced production requirements so no production rate pace work like assembly line work.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a gate guard, a case aide and a membership solicitor. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 14, 2017. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§404.1520, 416.920.

### III. Discussion:

Plaintiff argues the following issue on appeal: 1) the ALJ's determination of Plaintiff's RFC is unsupported by the evidence.

#### A. Subjective Complaints and Symptom Evaluation:

We first address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone

4

is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that during the relevant time period Plaintiff reported some chest discomfort and pain; however, he maintained the ability to take care of his teenage son; to take care of his personal needs; to prepare simple meals; to drive; to shop; to do household chores; and to spend time at his mother's, friend's houses and the bowling alley once a week. The record further revealed that Plaintiff received unemployment benefits during the relevant time period. While the receipt of these benefits is not conclusive, applying for unemployment benefits adversely affects credibility because an unemployment applicant "must hold himself out as available, willing and able to work. Smith v. Colvin, 756 F.3d 621, 625 (8th Cir. 2014).

With respect to Plaintiff's alleged physical impairments, the record revealed that during the relevant time period Plaintiff was treated conservatively and appeared to experience some relief with the use of medication. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). As for Plaintiff's alleged mental impairments, the record failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

5

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B. The ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of treating and non-examining medical professionals, and set forth the reasons for the weight given to the

6

opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Plaintiff argues that the ALJ improperly discounted Dr. Shannon Brownfield's opinion that Plaintiff was unable to perform sedentary work. After review, the Court finds that the ALJ did not err in discounting the opinion of Dr. Brownfield. The ALJ declined to give controlling weight to Dr. Brownfield's opinion for good and well-supported reasons. See Goff v. Barnhart, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount [the treating physician's] opinion."). The ALJ also took Plaintiff's obesity into account when determining Plaintiff's RFC. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work

as a gate guard, a case aide and a membership solicitor.  <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.** **<u>Conclusion:</u>**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 27th day of August 2018.

/s/  *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE